## S. & N. MAYBLUM v. ROBERT AUSTIN.

(No. 58, Tex. L. J., vol. 1, p. 67.)

APPEAL from Fort Bend County. Opinion by WHITE, J.

§ 616. *Payment; proof of, cannot be made under a general denial.* We are of opinion that the correct rule, and the reasons therefor, are stated succinctly in the following extract, taken from Mr. Sayles' work on Texas Pleading: "The general denial throws upon the plaintiff the *onus* of proving all the material allegations in the petition, and enables the defendant to contrast them in evidence; the defendant may, therefore, under this plea, introduce evidence in rebuttal, but cannot show any new affirmative matter by which the truth of the averments in the petition is admitted, but their legal effect is avoided. As the pleader is required to state the facts constituting his cause of action, and not the legal conclusions which are deduced from those facts, other than for the purpose of showing the pertinency of each fact stated, it follows that facts alone are in issue, and that a plea which admits the fact stated, but seeks to avoid its legal effect, is a plea in confession and avoidance. . . . And so defenses which admit that there was once a cause of action, but avoid it by subsequent matter, as release, parol, discharge, alteration of the terms of contract by consent, contract becomes illegal or impossible to perform, accord and satisfaction, tender, former recovery, set-off, *payment* or performance, cannot be given in evidence under the general denial."

[Texas Pleading, § 119.] The court erred in permitting defendant, over objections of plaintiff, to prove the payment of the account sued on under the general denial, and without a special plea of payment.

March 12, 1877.                    Reversed and remanded.